IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TADAEL MELKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-2966-D |
| | § | |
| TAKE 5 PROPERTIES SPV LLC | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed personal injury action, defendant Take 5 Properties SPV, LLC ("Take 5") moves to quash plaintiff Tadael Melka's ("Melka's") deposition notice. For the reasons that follow, the court denies the motion.

I

"A party seeking to quash a deposition has the heavy burden of demonstrating good cause and a specific need for protection." *Equal Emp. Opportunity Comm'n v. Hi-Line Elec. Co.*, 2014 WL 12748999, at *1 (N.D. Tex. June 23, 2014) (Toliver, J.) (citing *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002) (Kaplan, J.)); *see also Lee v. TriCentury Corp.*, 2010 WL 11530937, at *2 (E.D. Tex. May 13, 2010) ("The party seeking to quash or modify a notice of deposition has the burden to demonstrate that good cause exists to do so.").

Take 5 contends that, because Melka unilaterally set the deposition for its corporate representative to occur on July 15, 2026, the deposition notice should be quashed. To

support this contention, Take 5 cites the Texas Rules of Civil Procedure. Melka responds that the Texas Rules of Civil Procedure do not apply in federal court and that he repeatedly attempted to coordinate a mutually agreeable deposition date.

II

The court denies the motion to quash. Take 5's reliance on the Texas Rules of Civil Procedure is unavailing because "federal courts sitting in diversity jurisdiction . . . adhere to federal rules of procedure." *Newby v. Kroger Co.*, 2020 WL 3963740, at *1 (N.D. Tex. July 11, 2020) (Godbey, J.) (citing *Hanna v. Plumer*, 380 U.S. 460, 466-67 (1965)); *see Jones v. Anderson*, 2025 WL 3714847, at *2 (N.D. Tex. Dec. 23, 2025) (Fitzwater, J.) (denying motion to quash in part because movant relied on Texas Rules of Civil Procedure). Take 5 offers no further explanation as to why the deposition notice should be quashed. Accordingly, Take 5 has failed to establish good cause to quash Melka's deposition notice.

* * *

For the reasons explained, the court denies the motion to quash.

**SO ORDERED**.

August 10, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE